UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KING ROBIE, ET AL.,** **Plaintiffs** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 22-1531** |
| **SOUTHERN FIDELITY INSURANCE COMPANY,** **Defendant** | **SECTION: "E" (5)** |

### ORDER

Considering the foregoing Motion to Dismiss Without Prejudice;

**IT IS ORDERED** that the Motion is **GRANTED**. The claim of plaintiffs against South Fidelity Insurance Company, are hereby dismissed without prejudice, each party to bear their own costs.

For the following reasons, the Court lacks subject matter jurisdiction over the remaining claim against defendant-intervenor Louisiana Insurance Guarantee Association ("LIGA").

On May 27, 2022, Defendant Southern Fidelity Insurance Company removed this case from the Civil District Court for the Parish of Orleans, State of Louisiana.[1] On January 6, 2023, the Court stayed and administratively closed the action until the stay of proceedings against Southern Fidelity Insurance Company was lifted.[2] On April 3, 2023, Defendant filed an unopposed motion for lift the stay for LIGA to file a petition for intervention.[3] The Court granted Defendant's motion on April 4, 2023,[4] and LIGA filed the petition for intervention into the record.[5]

---

[1] R. Doc. 1.
[2] R. Doc. 9.
[3] R. Doc. 11.
[4] R. Doc. 12.
[5] R. Doc. 13.

1

The Court lacks subject matter jurisdiction in the Plaintiffs' claims against LIGA. "[T]he Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction."[6] "For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants."[7] Plaintiffs are Louisiana citizens.[8] "LIGA is an unincorporated association and 'has the citizenship for diversity purposes of each of its constituent member insurers.' Multiple sections of this Court have remanded cases because LIGA has constituent member insurers based in Louisiana."[9] Accordingly, the parties lack complete diversity, and remand is proper.

**IT IS FURTHER ORDERED** that this action is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana Case Number 2022-03275.[10]

**New Orleans, Louisiana, this 1st day of September, 2023.**

                                          **SUSIE MORGAN**
                             **UNITED STATES DISTRICT JUDGE**

---

[6] *Francis v. S. Fid. Ins. Co.*, No. 22-763, 2023 WL 2674709, at *1 (E.D. La. Mar. 29, 2023).
[7] *Id.*
[8] R. Doc. 1 at p. 2.
[9] *Francis*, No. 22-763, 2023 WL 2674709, at *1; *see also Soza v. S. Fid. Ins. Co.*, No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023); *14th St. Properties, LLC v. S. Fid. Ins. Co.*, No. 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023).
[10] Plaintiffs have informed the Court that the underlying state case, Civil District Court No. 2022-03275 "is being dismissed." (Email from J. Benjamin Avin, counsel to the Plaintiffs, to this Court (Aug. 22, 2023, 15:38 CST)). Case Number 2022-03275 names only Southern Fidelity Insurance Company (not LIGA) as Defendant. Plaintiffs aver they will proceed against LIGA in a subsequently filed state action, Civil District Court No. 2023-02801. (R. Doc. 16). The proper action for this Court is to remand to the underlying case in this matter, No. 2022-03275, given the lack of jurisdiction. The dismissal of Case No. 2022-03275 and/or the proceedings in Case No. 2023-02801 shall be determined by the state court.